## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | | |
|---|---|---|
| **William Ramirez** | X | |
| *Plaintiff*, | X | |
| | X | |
| v. | X | Case No. |
| | X | |
| **Chad Wolf**, Acting Secretary, Department | X | |
| of Homeland Security; **Ken Cuccinelli**, Acting | X | |
| Director, US Citizenship and Immigration Services, | X | |
| *Defendants*. | X | |

_____/

### COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

## I. INTRODUCTION

Plaintiff brings this action requesting that this Court compel Defendants to adjudicate a Form I-130, Petition for Alien Relative ("Form I-130"), filed by Plaintiff.  On or about November 16, 2015, United States Citizenship and Immigration Services ("USCIS") received the Form I-130 that is the subject of these proceedings.  This Form I-130 remains pending with USCIS as of the submission of this complaint.

## II. PARTIES

1. That the Plaintiff, **William Ramirez,** is a permanent resident alien who resides in Orange County, Florida.

2. That the Defendant, **Chad Wolf**, is the Acting Secretary of the Department of Homeland Security.  He is responsible for the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*.  Defendant Wolf is being sued in his official capacity.

3. That the Defendant, **Ken Cuccinelli**, is the Acting Director of USCIS, an agency of the United States government involved in the acts challenged in this action.  Defendant Cuccinelli is being sued in his official capacity.

## III. JURISDICTION

4. That this is a civil action brought pursuant to 28 U.S.C. §1331 and §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

5. That jurisdiction is also conferred by 5 U.S.C. §704.  Plaintiff is aggrieved because the agency is withholding action in this case, as the Administrative Procedure Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq.*

6. That the aid of the Court is invoked under 28 U.S.C. §2201 and §2202, authorizing a declaratory judgment.

7. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act.  5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## IV.  VENUE

8.  That venue is proper in the Orlando Division of the Middle District of Florida pursuant to 28 U.S.C §1391(e), as Plaintiff resides in Orange County, Florida, within the territorial limits of this Judicial District.

## V.  REMEDY SOUGHT

9.  That Plaintiff asks this Court to compel Defendants to adjudicate a Form I-130 received by Defendants on or about November 16, 2015.

## VI.  CAUSE OF ACTION

10. That Plaintiff is an "alien lawfully admitted for permanent residence" ("LPR").

11. That Plaintiff married Lisbeth Marcia Flores ("Lisbeth") on September 10, 2015.

12. That Lisbeth is a native and citizen of El Salvador.

13. That on or about November 16, 2015, Defendants received a Form I-130 filed by Plaintiff  on behalf of Lisbeth Marcia Flores seeking to accord her an immigrant visa as the spouse of an LPR as provided at 8 U.S.C. §1154(a)(2)(A). This filing was assigned receipt number WAC 16-901-42649.

14. That on or around February 22, 2018, USCIS scheduled an interview on Plaintiff's Form I-130.  Plaintiff and Lisbeth appeared at the interview as scheduled.

15. That to date, the agency has failed to take any further action with regards to Plaintiff's Form I-130.

16. That Plaintiff contends that there is no reason why the pending Form I-130 cannot be adjudicated.  USCIS has had ample time in which to complete the necessary steps for Plaintiff's petition to be adjudicated.

17. That Defendants have a "clear duty" to act on Plaintiff's Form I-130 by adjudicating this petition within a "reasonable" period following its receipt.

18. That Plaintiff's petition has remained pending beyond a "reasonable" period and far beyond reported processing times without explanation and without any indication as to when the petition will be adjudicated.

19. That while the USCIS Orlando Field Office does not report processing times relating to Forms I-130, processing times are reported for "family based" adjustment of status applications (Form I-485, Application to Register Permanent Residence or Adjust Status). Plaintiff submits that the processing time what the Court can use in determining whether the agency is adjudicating the Form I-130 within a "reasonable" period of time.

20. That USCIS is currently reporting on its website (www.uscis.gov) that it is adjudicating Forms I-485 at its Orlando Field Office in 10 to 22 months. As explained by USCIS, the agency reports that it takes 10 months to process 50% of cases similar to Plaintiffs and 22 months to process 93% of cases similar to Plaintiffs.

21. That Plaintiff's Form I-130 has remained pending in excess of 50 months.

22. That the methodology used by the agency to determine how processing times are reported and when an inquiry can be made before the National Customer Service Center ("NCSC") is unknown to Plaintiff.

23. That Plaintiff seeks the aid of this Court in ordering Defendants to adjudicate the pending petition. Determining otherwise would prevent qualified individuals from obtaining a determination on the merits of the pending petition based on delays solely attributable to Defendants and for which Plaintiff is not to blame.

24. That mandamus is appropriate because there is no other remedy at law. Through the instant action, Plaintiff seeks to compel the government to reach a decision in this matter. Plaintiff's causes of action arise from administrative action wrongfully withheld, pursuant to the Mandamus Act and the Administrative Procedure Act.

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

1.  Accept jurisdiction and maintain continuing jurisdiction of this action;

2.  Conduct such hearings and examinations of Plaintiff as is necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;

3.  Declare Defendants' actions, or their failure to act in this matter, arbitrary and capricious, an abuse of discretion and not in accordance with law pursuant to 5 U.S.C. §706(1);

4.  Issue a preliminary and permanent injunction pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1) compelling Defendants to adjudicate Plaintiff's Form I-130;

5.  Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. §1361 and 5 U.S.C. §706(1), compelling Defendants to adjudicate Plaintiff's Form I-130;

6.  Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. §2412;

7.  Grant such other relief as this Court may deem just and proper.

Respectfully submitted,


<u>/s/ David Stoller /s/</u>
David Stoller, Esquire
Attorney for Plaintiff
Florida Bar #92797
Law Offices of David Stoller, PA
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916

## Table of Contents

### Documents in Support of Complaint

### William Ramirez v. Chad Wolf, Acting Secretary, Department of Homeland Security, et al.

Exhibit 1:    Form I-797C, Notice of Action, Form I-130 filing receipt;

Exhibit 2:    USCIS Notice of Interview;

Exhibit 3:    USCIS Orlando Field Office Processing Report (Form I-485);

Exhibit 4:    USCIS Information Sheet (March 2018) discussing how to read agency
Processing Reports.